IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 28, 2020 Session

**STATE OF TENNESSEE v. WAYNE KEITH WALLEN**

**Appeal from the Circuit Court for Blount County**
**No. C-26270 Tammy M. Harrington, Judge**
_____

**No. E2019-01218-CCA-R3-CD**
_____

The defendant, Wayne Keith Wallen, appeals the denial of his Rule 36.1 motion. Though conceding the challenged sentence has expired, the defendant, relying on *Summers v. State*, 212 S.W.3d 251 (Tenn. 2007), argues the trial court erred in dismissing his petition. The trial court, relying on *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), found that the defendant's sentence had expired and that the defendant's claim required relitigating the case in order to determine whether the sentence was illegal which is not proper under Rule 36.1. Thus, the trial court denied the defendant's motion. Upon our review of the record, the briefs of the parties, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Rick A. Owens, Alcoa, Tennessee, for the appellant, Wayne Keith Wallen.

Herbert H. Slatery III, Attorney General and Reporter; Katherine K. Decker, Assistant Attorney General; Mike Flynn, District Attorney General; and Ashley Salem, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural Background*

On June 15, 2012, the defendant pled guilty in Case No. C-20785 to violating the sex offender registry, a Class E felony. As a result of his plea, the defendant received a two-year sentence suspended to probation after service of 100 days' incarceration. On

February 2, 2013, the defendant's probation in Case No. C-20785 was revoked based on a new arrest for aggravated sexual battery. As a result of his revocation, the trial court ordered the defendant to serve the remainder of his two-year sentence in the Tennessee Department of Correction.

On April 22, 2013, the defendant pled guilty in Case No. C-21106 to three counts of aggravated sexual battery for which the defendant received an effective sentence of eight years' incarceration. The trial court also ordered the defendant's sentence in Case No. C-21106 to be served consecutive to the two-year sentence the defendant was currently serving in Case No. C-20785.

On June 21, 2018, the defendant filed a pro se Rule 36.1 Motion to Correct Illegal Sentence. After the appointment of counsel, the defendant filed an amended motion. In both his original and amended motions, the defendant challenged his two-year sentence in Case No. C-20785, arguing he should have only been assessed a fine for his violation rather than sentenced to incarceration.

At the hearing on the defendant's Rule 36.1 motion, the defendant conceded his two-year sentence in Case No. C-20785 had expired, and therefore, he was no longer serving that sentence. However, the defendant argued that pursuant to *Summers*, the trial court should consider his sentences in Case Nos. C-20785 and C-21106 as one effective sentence of ten years since the trial court had ordered them to be served consecutively. Thus, under *Summers*, he was still being restrained by a single ten-year sentence and allowed to challenge the legality of Case No. C-20785. The State argued that the two cases were separate and individual sentences and that the two-year sentence in Case No. C-20785 had expired. Thus, pursuant to *Brown,* the defendant was not entitled to review under Rule 36.1. *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015). The State also insisted the defendant's claim that he should have received a fine as opposed to jail time required looking beyond the judgment and relitigating the defendant's guilty plea, and therefore, was not a proper basis for Rule 36.1 review.

At the conclusion of the hearing, the trial court found the defendant's two-year sentence had expired. The trial court also held the defendant's claim would require relitigating the defendant's guilty plea and sentencing hearing. Accordingly, the trial court denied the defendant's Rule 36.1 motion. This timely appeal followed.

### *Analysis*

Initially, we must address the State's claim that the defendant's appeal is not properly before us. Specifically, the State submits this Court is precluded from reviewing the defendant's claim because he failed to include a copy of his judgment in Case No. C-

21106. While the defendant argues his sentences in Case Nos. C-20785 and C-21106 create an effective sentence of ten years and allow him to challenge his two-year sentence in C-20785, the defendant is not asking this Court to specifically review his sentence in C-21106, and the sentence in that case is not necessary to an adjudication of the defendant's claim in the instant appeal. Accordingly, the defendant's failure to include a copy of the judgment in C-21106 does not preclude this Court from reviewing the defendant's appeal.

Concerning the merits of the defendant's appeal, the defendant contends the trial court erred in denying his Rule 36.1 motion. He argues that his motion was timely pursuant to *Summers* and that, since the motion was timely, a review of Case No. 20785 reveals his sentence was illegal. The State insists the defendant's sentence has expired and reviewing the defendant's claim requires relitigating his guilty plea. Regardless, according to the State, the defendant's claim is not proper for review under Rule 36.1. Upon our review of the record and the applicable authorities, we agree with the State and affirm the decision of the trial court.

Tennessee Rule of Criminal Procedure 36.1 provides that the appellant "may at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). "A motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires." Tenn. R. Crim. P. 36.1(a)(1). A sentence is illegal if it "is not authorized by the applicable statutes or [it] directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2).

If the court determines that the motion fails to state a colorable claim for relief, the court must enter an order summarily denying the motion. Tenn. R. Crim. P. 36.1(b)(2). "A 'colorable claim' means a claim that, if taken in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Whether the defendant has presented a colorable claim for relief under Rule 36.1 is a question of law, which this Court reviews de novo without a presumption of correctness. *Id*. at 589.

In *Brown*, our supreme court addressed the issue of whether Rule 36.1 may be used to correct illegal sentences that have expired. The Court in *Brown* stated:

> Rather than adopt an interpretation of Rule 36.1 that is not supported by the expressed purpose or language of Rule 36.1, that is not consistent with the jurisprudential context from which Rule 36.1 developed, and that has the potential to result in unconstitutional applications of Rule 36.1, we hold that Rule 36.1 does not expand the scope of relief and does not authorize

the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired.

*Brown*, at 211.

The defendant has conceded his two-year sentence in Case No. C-20785 has expired. The record also supports a finding that the defendant's sentence has expired and that he is no longer being restrained by that sentence. More specifically, the defendant's two-year sentence was originally imposed on June 15, 2012. He served 100 days in jail and was then released on probation to serve the remainder. On February 2, 2013, the defendant's probation was revoked, and he was ordered to serve the *remainder* of his sentence with the Tennessee Department of Correction. Even if we assume the defendant received no credits towards the remaining one year and 265 days of his sentence and served it day for day, the defendant's sentence in Case No. C-20785 would have expired on October 25, 2014. The defendant did not file the instant motion until June 2018. Rule 36.1 does not authorize relief from expired illegal sentences.

However, the defendant, relying on *Summers*, argues that his combined sentences, an effective 10-year sentence, allow him to challenge the two-year sentence. However, unlike in *Summers* where the defendant was sentenced to multiple offenses at one time, the defendant in the instant matter was sentenced at separate times for separate offenses. Furthermore, the concern as addressed in *Summers* that no one would not know which sentence is being served at what time, is not an issue in the instant matter. Again, the defendant was sentenced to two years in June 2012. He was in the midst of serving the remainder of that sentence when he pled guilty to new charges. As a result of his new convictions, the trial court ordered the defendant to serve an effective eight-year sentence consecutive to the two-year sentence he was already serving. This, unlike *Summers*, is not a case of multiple convictions being sentenced at one time. Rather, here, service of the defendant's sentence in Case No. 21106 was delayed until after the sentence in Case No. 20785, which he was already serving, was completed. Based on the procedural history of this case, we decline to interpret *Summers* in the manner suggested by the defendant. Instead, relying on our Supreme Court's opinion in *Brown,* we find the defendant's two-year sentence had long expired at the time the defendant filed his Rule 36.1 motion, and thus, does not provide the defendant with a colorable claim. We, therefore, affirm the judgment of the trial court.

Since we have determined the defendant's sentence has expired and he has failed to present a colorable claim, it is not necessary to address the merits of the defendant's claim concerning the legality of his two-year sentence. However, we note that based on our review of the record and the arguments of the parties, one would be required to

relitigate the defendant's guilty plea and sentencing hearing in Case No. 20785 in order to determine if the appropriate punishment was imposed. Therefore, pursuant to Rule 36.1, the defendant's claim would not be proper for review.

## Conclusion

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE